UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVINA ANANIAS, )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>ST. VINCENT MEDICAL GROUP, )<br>INC., d/b/a ASCENSION MEDICAL )<br>GROUP, )<br>)<br>*Defendant* ) | Cause No. 1:22-cv-1723-RLM-MPB |

OPINION AND ORDER

Davina Ananias sued her employer, St. Vincent Medical Group, alleging it discriminated against her based on her religion in violation of Title VII of the Civil Rights Act. St. Vincent moves to dismiss Ms. Ananias's amended complaint; Ms. Ananias moves to file a surreply to St. Vincent's motion. For the following reasons, the court denies Ms. Ananias's motion and grants St. Vincent's motion.

I.   BACKGROUND

The court accepts the facts in Ms. Ananias's complaint as true for purposes of deciding a motion to dismiss. Silha v. ACT, Inc., 807 F.3d 169, 173 (7th Cir. 2015) (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)).

Ms. Ananias is a physician's assistant. She began working for St. Vincent, a healthcare system, in 2015. In 2021, St. Vincent implemented a COVID-19 vaccine mandate for its employees, requiring employees to get vaccinated against

the coronavirus by November 12, 2021. If employees didn't comply by the deadline, St. Vincent would terminate their employment or place them on involuntary unpaid leave. St. Vincent permitted employees to apply for medical and religious exemptions from the vaccine requirement.

Ms. Ananias applied for a religious exemption. St. Vincent denied her request, explaining that because of her position, exempting her from the mandate would increase the risks to workplace and patient safety, and so posed an "undue hardship" to St. Vincent. St. Vincent invited Ms. Ananias to submit additional information about her accommodation request. She did so, and she offered to wear personal protective equipment and an N95 face mask while at work as an alternative to getting the vaccine. St. Vincent again denied Ms. Ananias's request for religious exemption, explaining that it had a "strong need to promote and protect the health and safety of [its] workforce and patients" and acknowledging her deeply held religious beliefs.

Ms. Ananias received a COVID-19 vaccine after the second denial and before the November deadline, and so became compliant with St. Vincent's vaccine mandate. Her employment continued uninterrupted, and she hasn't reported any disciplinary action or changes in position or pay resulting from these events. Ms. Ananias continues to work for St. Vincent in its Indianapolis and Carmel, Indiana facilities.

Ms. Ananias filed this suit, alleging St. Vincent discriminated against her based on her religious beliefs by "forc[ing]" her to get a COVID-19 vaccine. She seeks both injunctive relief and damages. St. Vincent moves to dismiss the case.

## II. DISCUSSION

### A. Ms. Ananias's Motion to File a Surreply

Ms. Ananias moves for leave to file a surreply in opposition to St. Vincent's motion to dismiss.

The district's rules don't contemplate allowing surreplies to motions to dismiss. S.D. Ind. L.R. 7-1. The "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." Lawrenceburg Power, LLC v. Lawrenceburg Mun. Utils., 410 F. Supp. 3d 943, 949 (S.D. Ind. 2019) (quoting Lady Di's, Inc. v. Enhanced Servs. Billing, Inc., No. 1:09-cv-0340-SEB-DML, 2010 WL 1258052, at *2 (S.D. Ind. Mar. 25, 2010)). "New arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." Id. (quoting Reis v. Robbins, No. 4:14-cv-63-RLY-TAB, 2015 WL 846526, at *2 (S.D. Ind. Feb. 26, 2015)). Courts may allow a party to file a surreply "in limited circumstances to address new arguments

or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response." Id. (citation omitted).

Ms. Ananias asserts she should be able to file a surreply because St. Vincent "raises for the first[ ]time several cases, including recent Seventh Circuit precedent, that suggests 'no harm for employees faced with a choice to accept or refuse a COVID-19 vaccine.'" [Doc. No. 31-1]. But citing new cases isn't the same as raising a new argument or evidence that would warrant permitting a surreply. See Mayer v. EMC Mortg. Corp., No. 2:11-cv-147, 2014 WL 1607443, at *3 (N.D. Ind. Apr. 22, 2014) ("It is commonplace for attorneys to cite different cases in their reply briefs . . . ."). A review of the parties' briefs shows that St. Vincent's reference to cases specifically involving the COVID-19 pandemic is responsive to Ms. Ananias's brief and supports its original arguments about whether she has alleged any injury. In light of the limited circumstances in which a surreply is warranted, the court denies Ms. Ananias's motion to file a surreply. [Doc. No. 31].

### B. St. Vincent's Motion to Dismiss

St. Vincent argues the court should dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, or alternatively under Rule 12(b)(6) for failure to state a claim.

A federal court must assure itself that it has jurisdiction over the subject matter of a case—the power to hear and decide it—before it can proceed to take any action on the merits. See Warth v. Seldin, 422 U.S. at 498; Craig v. Ont.

4

Corp., 543 F.3d 872, 875 (7th Cir. 2008). Rule 12(b)(1) authorizes dismissal of complaints that bring no actionable claim within the subject matter jurisdiction of the federal courts. In reviewing a motion under Rule 12(b)(1), a court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff," and, if necessary, it may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." St. John's United Church of Christ v. City of Chi., 502 F.3d 616, 625 (7th Cir. 2007) (quoting Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999)). The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. Thomas v. Gaskill, 315 U.S. 442, 446 (1942); Sprint Spectrum L.P. v. City of Carmel, Ind., 361 F.3d 998, 1001 (7th Cir. 2004). A court must dismiss an action without reaching the merits if there is no jurisdiction. Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430-431 (2007).

      Ms. Ananias alleges St. Vincent violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, by (1) failing to engage in the interactive process when it considered her request for religious accommodation, (2) forcing her to violate her sincerely held religious beliefs by mandating she get a COVID-19 vaccine, (3) subjecting her to less favorable terms of employment by denying her religious accommodation request, and (4) subjecting her to disparate treatment. St. Vincent says Ms. Ananias lacks Article III standing so her complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

The Constitution limits federal jurisdiction to live cases and controversies. U.S. CONST. art. III, § 2; *see* Bond v. Utreras, 585 F.3d 1061, 1068 (7th Cir. 2009) (citing Hein v. Freedom from Religion Found., Inc., 551 U.S. 587 (2007)). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citation omitted). The plaintiff bears the burden of proving she has standing and must show that she: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Wadsworth v. Kross, Lieberman & Stone, Inc., 12 F.4th 665, 667 (7th Cir. 2021) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)). At the pleading stage, the plaintiff must clearly allege facts demonstrating each element of the standing doctrine. Id. "[A] plaintiff must demonstrate standing separately for each form of relief sought." Smith v. Golden Rule Ins. Co., 526 F. Supp. 3d 374, 391 (S.D. Ind. 2021) (quoting Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 185 (2000)).

To establish injury in fact, the plaintiff must show that "she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Prosser v. Becerra, 2 F.4th 708, 713 (7th Cir. 2021) (quoting Lujan v. Defenders of Wildlife, 504 U.S. at 560). Certain harms, such as physical or monetary injury, readily qualify as concrete. TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2204 (2021). Less tangible harms ordinarily aren't concrete for purposes of standing, but Congress can "elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were

6

previously inadequate in law." Id. at 2205 (citing Spokeo v. Robins, 578 U.S. at 341). When Congress does this by creating a cause of action for a statutory violation, an alleged violation of the statute meets the concrete-injury requirement if the injury "has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." Id. at 2204 (citing Spokeo v. Robins, 578 U.S. at 341). There doesn't need to be an "exact duplicate in American history and tradition." Id.

Additionally, "to establish injury in fact when seeking prospective injunctive relief, a plaintiff must allege a 'real and immediate' threat of future violations of their rights . . . ." Scherr v. Marriott Int'l, Inc., 703 F.3d 1069, 1074 (7th Cir. 2013) (citing City of L.A. v. Lyons, 461 U.S. 95, 102 (1983)). "For purposes of standing to seek injunctive relief against future harm, courts generally assume that litigants 'will conduct their activities within the law . . . .'" Simic v. City of Chi., 851 F.3d 734, 738 (7th Cir. 2017) (quoting O'Shea v. Littleton, 414 U.S. 488, 497 (1974)). Plaintiffs lack standing to seek injunctive relief when the alleged injury is wholly in the past. See Schirmer v. Nagode, 621 F.3d 581, 585-586 (7th Cir. 2010) (collecting cases).

Neither party argues about whether Ms. Ananias suffered a harm akin to one traditionally recognized in American courts. Rather, St. Vincent says Ms. Ananias didn't suffer an injury in fact because she received a COVID-19 vaccine before the deadline and so didn't lose her job or suffer any other adverse employment action. St. Vincent also points to Ms. Ananias's lack of financial

7

damages as proof that she didn't suffer an injury. Ms. Ananias argues in response that she was harmed by having to choose between getting the vaccine or following her religious beliefs. She relies primarily on a nonbinding, unpublished preliminary injunction case to argue that coercion to get vaccinated is a harm. *See* Sambrano v. United Airlines, Inc., No. 21-11159, 2022 WL 486610 (5th Cir. Feb. 17, 2022). St. Vincent replies that the standard for showing harm for a preliminary injunction is different than for a Title VII case and choosing whether to get a vaccine isn't an actionable harm.

The right to practice religion is well established and highly litigated in the United States. One of the vessels for such suits is Title VII, which "prohibit[s] an employer from intentionally discriminating against an employee based on the employee's religion." Porter v. City of Chi., 700 F.3d 944, 951 (7th Cir. 2012) (citation omitted); 42 U.S.C. § 2000e-2(a). But simply disliking or disagreeing with terms of employment because of one's religious beliefs doesn't mean an employee has a cause of action. *See* Porter v. City of Chi., 700 F.3d at 954 ("[N]ot everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions that 'an . . . employee did not like would form the basis of a discrimination suit.'" (quoting Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996))); Klaassen v. Trustees of Ind. Univ., 7 F. 4th 592, 593 (7th Cir. 2021) ("People who do not want to be vaccinated may go elsewhere."); Bridges v. Hous. Methodist Hosp., 543 F. Supp. 3d 525, 528 (S.D. Tex. 2021) ("[Plaintiff] says that she is being forced to be injected with a vaccine or be fired. This is not coercion. . . . [Plaintiff] can freely choose to accept

8

or refuse a COVID-19 vaccine; however, if she refuses, she will simply need to work somewhere else."). Ms. Ananias's alleged harm isn't related to a traditionally recognized harm, and other courts have declined to find standing when the plaintiff challenging a vaccine mandate has already chosen whether to comply with the mandate. *See* Andre-Rodney v. Hochul, -- F. Supp. 3d --, No. 1:21-cv-1053 (BKS/CFH), 2022 WL 3027094, at *1 n.3 (N.D.N.Y. Aug. 1, 2022) (plaintiffs who got vaccine and returned to work no longer had standing to pursue § 1983 action); Klaassen v. Trustees of Ind. Univ., 549 F. Supp. 3d 836, 858 (N.D. Ind. 2021) *vacated as moot* 24 F.4th 638 (7th Cir. 2022) (university student had standing because she was ineligible for COVID-19 vaccine exemption and had not yet chosen whether to get vaccine or not attend university; case vacated and dismissed as moot once she decided not to attend).

Ms. Ananias responds by analogizing her case to Sambrano v. United Airlines, a preliminary injunction case in which the plaintiffs hadn't chosen whether to get vaccinated yet and were actively being pressured to get the vaccine. St. Vincent correctly points out that the standard for preliminary injunctions is different than showing an injury in fact for standing purposes. *E.g.,* Marciano v. de Blasio, 589 F. Supp. 3d 423, 431 n.9 (S.D.N.Y. 2022) ("[E]stablishing that there is a substantial threat of irreparable injury on a motion for preliminary injunction is a much taller task than showing injury-in-fact to survive a motion to dismiss." (quoting Gbalazeh v. City of Dall., 394 F. Supp. 3d 666, 672 (N.D. Tex. 2019))).

Even so, Ms. Ananias's argument doesn't account for a key aspect of preliminary injunction cases about vaccine mandates: they distinguish plaintiffs who have already been vaccinated. Sambrano v. United Airlines, 2022 WL 486610, at *9 ("Plaintiffs are . . . challenging the ongoing coercion of being forced to choose either to contravene their religious convictions or to lose pay indefinitely. In such cases, when an employee is subjected to *ongoing coercion* because of a protected characteristic, the irreparable harm factor of the preliminary injunction analysis is satisfied."); Halczenko v. Ascension Health, Inc., 37 F.4th 1321, 1326 (7th Cir. 2022) (irreparable harm factor not satisfied when doctor already chose not to comply with vaccine mandate and was fired); Together Emps. v. Mass Gen. Brigham Inc., 19 F.4th 1, 8 (1st Cir. 2021) ("[A]s the deadline for being vaccinated has passed, the appellants cannot point to an 'impossible choice' as a special factor here; they have already made their choices."). Ms. Ananias already made the choice to get vaccinated and so doesn't fall into the category of plaintiffs alleging irreparable injury from having to make the choice. Ms. Ananias hasn't established that she suffered an injury in fact to pursue her damages claims.

Nor has Ms. Ananias indicated that there is a "real and immediate" threat that St. Vincent will violate her or other employees' rights in the future to establish an injury in fact for injunctive relief. First, she asks the court to permanently enjoin St. Vincent from engaging in any policy or practice that discriminates based on religious belief. Ms. Ananias hasn't alleged that her purported harm is ongoing or that there's any likelihood that St. Vincent's

employment policies will harm her in the future, and the court won't infer that St. Vincent will behave illegally in the future. *See* Simic v. City of Chi., 851 F.3d at 738. Ms. Ananias also requests that she be reinstated to her original position and salary, but nothing in the complaint or in either party's briefing indicates that Ms. Ananias suffered any change to her employment status, pay, or benefits, nor is there any indication that those things will be threatened in the future. Accordingly, she hasn't established an injury in fact for her injunctive claims.

St. Vincent also contests whether Ms. Ananias has satisfied the third element of standing: redressability. To meet this requirement, it must be likely—not just speculative—that the injury would be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. at 561 (citation omitted).

St. Vincent says this lawsuit won't provide redress to Ms. Ananias: injunctive relief would have no effect on her because her employment never stopped or changed; her requests for monetary relief "def[y] common sense" because she has admitted St. Vincent doesn't owe her any money. Ms. Ananias doesn't address her requested injunctive relief or claims for lost wages, benefits, back pay, and other compensation, but she says a jury could award her damages based on St. Vincent's failure to accommodate her religious belief.

Ms. Ananias's requests for injunctive relief don't meet the redressability requirement. Ms. Ananias doesn't appear to have changed positions or suffered any loss in salary, so injunctive relief on those grounds would have no practical impact or help fix her alleged injury. Nor would issuing a blanket injunction

against St. Vincent to never enact a discriminatory policy again provide any redress for Ms. Ananias's qualms with the already-executed vaccine mandate.

As far as damages go, Ms. Ananias requests front pay, back pay, lost wages, benefits, and other financial loss. Ms. Ananias hasn't alleged she has been deprived of any pay or benefits or otherwise suffered any monetary loss because of St. Vincent's actions. An award for wages, front pay, back pay, benefits, and the other compensation Ms. Ananias identifies wouldn't redress her alleged harm.

Ms. Ananias also requests compensatory and punitive damages. Had she alleged an injury in fact, an award of compensatory and punitive damages could have provided redress for her injury. In Title VII cases, a plaintiff may recover compensatory and punitive damages for nonpecuniary losses. *See* Payton v. Walsh, 579 F. Supp. 3d 1057, 1062 (S.D. Ind. 2022) (citing 42 U.S.C. §1981a(b)(3)) (listing emotional pain, suffering, mental anguish, and other injuries as compensable nonpecuniary damages). So, even though Ms. Ananias hasn't suffered any pecuniary loss, she could have been compensated for nonpecuniary damage. This doesn't change that Ms. Ananias hasn't alleged an injury in fact and so doesn't have standing.

Because Ms. Ananias hasn't established that she has suffered an injury in fact with respect to any of her claims or that this suit would provide redress with respect to most of her claims, Ms. Ananias doesn't have standing. Accordingly, the court doesn't have jurisdiction to reach the merits of this case, and the court grants St. Vincent's motion to dismiss. [Doc. No. 22].

### III.  CONCLUSION

For the foregoing reasons, the court:

(1) DENIES Ms. Ananias's motion to file a surreply [Doc. No. 31];

(2) GRANTS St. Vincent's motion to dismiss Ms. Ananias's amended complaint, [Doc. No. 22], and DIRECTS the clerk to enter judgment accordingly; and

(3) DENIES AS MOOT Ms. Ananias's motion for extension of time to file a response to the motion to dismiss [Doc. No. 26].

SO ORDERED.

ENTERED:  December 19, 2022

/s/ Robert L. Miller, Jr.
Judge, United States District Court

Distribution to all counsel of record via CM/ECF.